FILED
United States Court of Appeals
Tenth Circuit

January 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW W. HUTCHINSON,

    Defendant - Appellant.

No. 17-3229
(D.C. No. 6:10-CR-10080-EFM-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Matthew W. Hutchinson entered into a plea agreement containing a collateral

attack waiver. After he appealed the denial of a post-judgment motion, the

government moved to enforce the waiver under *United States v. Hahn*, 359 F.3d

1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We ordered Mr. Hutchison to

respond to the government's motion to enforce the appeal waiver by December 15,

2017. He has not responded to the motion. We grant the motion to enforce and

dismiss the appeal.

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2011, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Mr. Hutchinson pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). In accordance with the plea agreement, he was sentenced to 120 months' imprisonment, which was below the calculated Sentencing Guidelines range. He did not file a direct appeal. More than six years after his conviction, however, he filed a Fed. R. Crim. P. 36 "Motion to Correct Clerical Error."

The Rule 36 motion alleged the presentence report erroneously stated it was applying an enhancement for possession of a dangerous weapon, when no such enhancement was applied. The probation officer responded, recognizing certain mathematical errors (which had worked in Mr. Hutchinson's favor) and asserting the enhancement correctly applied based on the facts. Based on the response, the district court denied the Rule 36 motion. It then denied reconsideration, noting Mr. Hutchinson (1) was informed of the enhancement and could have objected at the time of sentencing, and (2) received a stipulated 120-month sentence rather than a higher sentence under the Guidelines—which, but for the mathematical errors, would have been higher yet.

When Mr. Hutchinson appealed, the government moved to enforce the collateral attack waiver in his plea agreement. Mr. Hutchinson has not responded to the motion to enforce.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of [collateral attack] rights; (2) whether the defendant knowingly

2

and voluntarily waived his [collateral attack] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." 359 F.3d at 1325. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted).

All three *Hahn* factors are satisfied. First, because the district court did not depart upward, the waiver provision precludes "any right to . . . collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed" and "any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack . . . ." Mot. to Enforce, Attach. B at 5. That broad waiver includes the Rule 36 motion within its scope. Second, Mr. Hutchinson acknowledged both in the plea agreement and during the plea colloquy that his entry into the plea agreement was knowing and voluntary, and he has not presented any evidence to the contrary. *See Hahn*, 359 F.3d at 1325, 1329. And third, there is no indication that enforcing the waiver would result in a miscarriage of justice as *Hahn* defines that term.

Accordingly, the motion to enforce is granted, and the appeal is dismissed.

Entered for the Court
Per Curiam

3